UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL INSTITUTE FOR STRATEGIC TECHNOLOGY ACQUISITION AND COMMERCIALIZATION (NISTAC) | ) ) ) |
| Plaintiff/Counter-Defendant, | ) Case No. 2:11-cv-11039-GCS-LJM ) ) HON. GEORGE C. STEEH |
| v. | ) ) |
| NISSAN NORTH AMERICA, INC., NISSAN MOTOR CO. LTD., FUJI HEAVY INDUSTRIES, LTD., SUBARU OF AMERICA, INC., TOYOTA MOTOR SALES, U.S.A. INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., and AMERICAN HONDA MOTOR CO., INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

**PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents and information containing confidential, proprietary, and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation[1] as well as any third parties involved in this litigation[2] may assert that dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage; and

3. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

**1.  Confidential Designations.**  Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation ("Producing Party"), or testimony given in this litigation disclosing Confidential Information, may be designated as "CONFIDENTIAL."  Any Confidential Information which would likely harm the competitive position of the Producing Party if disclosed publicly, or to any employees of the parties to this litigation, may be designated by the Producing Party as "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY."  Such Confidential Information disclosed or produced in this litigation is entitled to confidential treatment as described below.

Confidential Information shall not include materials that on their face show that they have been published to the general public or documents that have been submitted to any governmental entity without request for confidential treatment.

---

[1] The Defendants in this action are organized into four Defendant Groups.  Defendants Nissan North America, Inc. and Nissan Motor Co. Ltd. comprise the "Nissan Defendant Group."  Defendants Fuji Heavy Industries Ltd. and Subaru of America, Inc. comprise the "Subaru Defendant Group."  Defendants Toyota Motor Sales, U.S.A. Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. comprise the "Toyota Defendant Group."  American Honda Motor Co., Inc. comprises the "Honda Defendant Group."  Unless otherwise noted, members of the Defendant Groups shall be considered "parties" for purposes of this Order.

[2] Unless otherwise noted, the terms of this Protective Order shall apply equally to parties and third parties and this Protective Order shall not distinguish a party to this litigation and a third party.

**2.      Challenging Confidential Designations.**  At any time after the delivery of Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY," counsel for the party or parties receiving the Confidential Information ("Receiving Party") may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Producing Party.  If the parties are unable to agree as to whether the confidential designation of Confidential Information is appropriate, the Receiving Party shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the designated Confidential Information and shall specifically identify those portions thereof which the Receiving Party contends are not entitled to confidential treatment.  Thereafter, the Receiving Party shall have ten (10) business days from the date of certification to file a motion with the Court challenging the designation of any designated Confidential Information in dispute.  The Producing Party shall have the burden, in response to such motion by the Receiving Party, of establishing that the designated Confidential Information in dispute is entitled to confidential treatment.  If the Receiving Party does not timely file a motion as described herein, then the designated Confidential Information in dispute shall remain subject to confidential treatment as provided in this Order.

All designated Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of the designated Confidential Information is entitled to confidential treatment.

**3.      Use of Confidential Information.**  Confidential Information received by a Receiving Party shall not be used or shown, disseminated, copied, or in any way communicated to anyone

for any purpose whatsoever, except for purposes of this civil action in the manner provided for below.

Confidential Information received by a Receiving Party shall be used solely for the prosecution or defense of this litigation, and for no other purpose.

A Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize a Producing Party's Confidential Information.

Nothing in this Protective Order shall limit any Producing Party's use of its own Confidential Information, nor shall prevent the Producing Party from disclosing its own Confidential Information to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Confidential Information of other parties. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of other parties' Confidential Information, except as permitted by this Protective Order.

The restrictions on a Receiving Party's use of Confidential Information set forth in this Protective Order shall not apply to information which (a) was or became public knowledge, not in violation of this Protective Order, (b) was or is acquired in good faith from another party, not in violation of this Protective Order and who has the right to disclose such information, (c) was or is discovered independently by the Receiving Party without any violation of this Protective

Order having occurred, or (d) was disclosed by the Producing Party to a third party in the absence of any understanding or expectation that the information would be kept confidential.

Confidential Information filed with the Court (as exhibits to briefs and for other similar purposes) shall be filed under seal according to the Eastern District of Michigan's ECF policies and pursuant to E.D. Mich. L.R. 5.3.

**4.     Disclosure of Confidential Information.**  Confidential Information shall be disclosed only to the following persons ("Qualified Persons"):

    a)  Confidential Information designated and marked "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" may be disclosed only to:

      i.  any person who appears as an author, recipient, or addressee on the face of the document;

      ii.  any officer, director, executive, managing agent, or attorney of the Producing Party, and such disclosure is limited to Confidential Information produced by that Party;

      iii.  any person who was an officer, director, executive, managing agent, or attorney of the Producing Party at the time the Confidential Information was originally created or transmitted, and such disclosure is limited to Confidential Information produced by that Party;

      iv.  former employees of the Producing Party who have created, received, or reviewed the information or document in the course and scope of their employment with the Producing Party;

    v.    outside counsel of record in this action for the Receiving Parties, and associates, employees, and contractors of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

    vi.    independent technical experts or consultants and their support staff who have been retained by the Receiving Parties and designated pursuant to the provisions of paragraph 5 below;

    vii.    Court reporters, videographers, and third-party vendors that have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    viii.    the Court and its personnel.

b)    In addition to the persons identified in (a) above, Confidential Information designated and marked as "CONFIDENTIAL" may be disclosed to the Designated Persons identified in Exhibit B hereto. Only in-house counsel of a party or employees of a party responsible for legal matters for the party are eligible to be designated as a Designated Person for a party or Defendant Group.

    Before any disclosure of Confidential Information is made to any Designated Person hereunder, each of the Designated Persons shall be identified in Exhibit B and shall complete and sign a copy of the acknowledgement form annexed hereto as Exhibit A, and each such completed and signed form shall be transmitted to outside counsel for all other parties prior to disclosure of any Confidential Information. A party then has ten (10) business days from receipt of same to object to the disclosure of Confidential Information to the Designated Person. Any objection must be lodged by sending written notice to the party identifying the Designated Person, setting forth the basis for such objection. The parties are then required to meet and confer on the objection to the

proposed Designated Person within five (5) business days of the notice of objection. Such "meet and confer" may be conducted via telephone. In the event the parties are unable to reach agreement on the matter, the objecting party must file a Motion for Protective Order with the Court within ten (10) business days of the notice of objection.

Confidential Information shall not be disclosed to any Designated Person for ten (10) business days after the disclosure of the Designated Person to allow for time for objection, and in the event an objection is properly lodged as described above, Confidential Information shall not be disclosed to the Designated Person until the Court rules on the objection.

Each party or Defendant Group is limited to no more than two (2) Designated Persons. Substitution of Designated Persons may occur only upon written agreement by the parties.

**5.     Independent Experts or Consultants.**   Before any disclosure of Confidential Information is made to any independent expert or consultant pursuant to paragraph 4 above, the following must occur:

a)     The proposed expert or consultant to whom disclosure is to be made must be given a copy of this Order;

b)     The proposed expert or consultant to whom disclosure is to be made must sign an undertaking in the form of the attached Exhibit A;

c)     The signed Exhibit A and a current copy of the proposed expert's or consultant's Curriculum Vitae or resume must be provided to all other outside counsel of record for all other parties, along with the following information about the proposed expert or consultant:

    i.      business address;

   ii.      business title;

  iii.      business or profession;

   iv.      any previous, current, or anticipated relationship (personal or professional) with any of the parties;

    v.      a listing of all other cases in which, during the previous four (4) years, the proposed expert or consultant has testified at trial or by deposition; and

   vi.      a listing of all companies with which the proposed expert or consultant has consulted or by which the proposed expert or consultant has been employed, within the last four (4) years. (In the case of any outside attorney hired as an independent expert or consultant, the attorney is not required to disclose all clients whom that attorney has represented within the last four years, except for those clients who are direct competitors of one or more of the parties in this case.)

A party who has designated or may designate Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" then has ten (10) business days from receipt of the disclosures listed in Paragraph 5(c)(i)-(vi) above to object to the disclosure of Confidential Information to the proposed expert or consultant. Any objection must be lodged by sending written notice to the party identifying the proposed expert or consultant, setting forth the basis for such objection. The parties are then required to meet and confer on the objection to the proposed expert or consultant within five (5) business days of the notice of objection. Such "meet and confer" may be conducted via telephone. In the event the parties are unable to reach

agreement on the matter, the objecting party must file a Motion for Protective Order with the Court within ten (10) business days of the notice of objection.

Confidential Information shall not be disclosed to the proposed expert or consultant for ten (10) business days after the disclosure of the proposed expert or consultant to allow for time for objection, and in the event an objection is properly lodged as described above, Confidential Information shall not be disclosed to the proposed expert or consultant until the Court rules on the objection.

6. **Definition of "Copy."**  The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

7. **Use of Confidential Information with Testimony.**  To the extent that Confidential Information is used in depositions, at hearings, or at trial, such Confidential Information shall remain subject to the provisions of this Order, along with the transcript of the proceeding referring to the Confidential Information.

A party may designate all or a portion of any transcript of testimony or hearing as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" if the transcript contains or refers to Confidential Information.  A party may so designate a transcript by making a request on the record during the proceeding reflected by the transcript.

Where testimony is designated at a deposition, the designating party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Protective Order to receive such Confidential Information.

Any party may, within ten (10) business days after receiving a final deposition transcript, designate pages of the transcript and/or its exhibits as Confidential Information.  If any party so

designates such material, the parties or deponents shall provide written notice of such designation to all parties within the ten (10) business day period.  Confidential Information within the final deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY."  Until the expiration of the ten (10) business day period, any portion of the deposition not previously designated shall be treated as "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" and subject to protection as provided by this Protective Order.

Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all information designated "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to outside counsel of record.  The court reporter or transcriber shall include the appropriate confidentiality legend on a transcript if such a request is made by a party on the record during the proceeding reflected by the transcript.

**8.     Non-Waivers.**  Inadvertent or unintentional disclosure or production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment, so long as such claim is asserted within fifteen (15) business days of the discovery of the inadvertent failure to so designate such documents or information.  At such time, arrangements shall be made for the Producing Party to appropriately designate the information in accordance with this Order.  The Receiving Party shall

have no liability, under this Order or otherwise, for any disclosure of information contained in documents or things not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the claims of confidentiality.

9. **Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent production of documents or things subject to work-product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) business days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions, or deposition testimony by the Receiving Party. Upon a request from a party that has inadvertently disclosed or produced a document or thing that it believes should be subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, each party receiving said document or thing shall immediately either (1) return the document and all copies to counsel for the Producing Party; or (2) certify in writing that the document and all copies have been destroyed. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the document or thing and such other information as is reasonably necessary to identify the document or thing and describe its nature to the Court in any motion to compel production of the document or thing.

If the Receiving Party contends that the privilege is improperly asserted and that the document or information is not privileged, the Receiving Party shall so notify the Producing Party. The parties shall meet and confer in an attempt to resolve the disagreement, and if after meet and conferring, the parties are unable to reach a satisfactory agreement, the Receiving Party

may move this Court to compel the production of the document or thing and must do so within ten (10) business days after conferring with the Producing Party.

**10. Post-Litigation Disposition of Confidential Information.** In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to any and all Confidential Information shall be terminated. In addition, within sixty (60) days of its ceasing to be engaged in the conduct of this litigation, the person or party shall either: (1) return all Confidential Information to the counsel for the Producing Party of the Confidential Information; or (2) certify in writing that such Confidential Information has been destroyed.

In the case of a party ceasing to be engaged in the conduct of this litigation, the remaining persons and parties shall either: (1) return all Confidential Information disclosed or produced by the person or party ceasing to be engaged in the conduct of this litigation; or (2) certify in writing that such Confidential Information has been destroyed. If, however, one or more of the remaining persons or parties asserts that certain Confidential Information disclosed or produced by the party ceasing to be engaged in the conduct of this litigation remains relevant to this litigation, the parties shall meet and confer with respect to such Confidential Information and, if relevant, such Confidential Information will not be returned or destroyed until either (1) the person or party receiving such Confidential Information ceases to be engaged in the conduct of this litigation or (2) this litigation is terminated by dismissal, judgment, or settlement, including all appeals, with respect to all Defendants.

The outside counsel for any party may keep their attorney work product which refers or relates to any Confidential Information, and may retain archive copies of all pleadings (and exhibits), attorney correspondence, discovery requests and responses (and exhibits), deposition

transcripts (and exhibits), and trial transcripts (and exhibits offered), including those that contain or reference Confidential Information.

Notwithstanding this provision, persons identified in paragraphs 4(a) and 4(b) are not required to delete Confidential Information that may reside on their respective company's or firm's electronic backup systems that are routinely over-written in the normal course of business. However, these persons agree that after the conclusion of this action, no Confidential Information shall be retrieved from their backup systems without written consent from the Producing Party or an order from this Court granting leave for the retrieval.

**11.  Continuing Effect After Litigation.**  After termination of this litigation with respect to any defendant, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

**12.  Binding Upon Successors.**  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**13.  Modification.**  The Parties may agree to amend this Protective Order in the event that modifications become necessary during the course of the litigation.  Any proposed modification requires the agreement of all parties in order to be incorporated in this Protective Order.  One or more parties may move the Court to modify the Protective Order if an agreement on proposed modifications cannot be reached among all Parties.  The Court may modify the terms and

conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

               **s/George Caram Steeh**
               **United States District Judge**

**Dated:  June 6, 2011**

**EXHIBIT A**

**CONFIDENTIALITY AND UNDERTAKING
FOR RECEIVING CONFIDENTIAL INFORMATION**

---

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *NISTAC v. Nissan North America, Inc., et al;* United States District Court, Eastern District of Michigan, Southern Division, Civil Action No. 2:11cv11039-GSC-LJM.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

_____

Dated: _____ \_\_, 201\_

_____

[Signature]

# EXHIBIT B

**Designated Persons**

## For NISTAC

1. Name:
   Title:

2. Name:
   Title:

## For the Nissan Defendant Group

1. Name:
   Title:

2. Name:
   Title:

## For the Subaru Defendant Group

1. Name:
   Title:

2. Name:
   Title:

## For the Toyota Defendant Group

1. Name:
   Title:

2. Name:
   Title:

## For the Honda Defendant Group

1. Name:
   Title:

2. Name:
   Title: