UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL INSTITUTE FOR STRATEGIC
TECHNOLOGY ACQUISITION AND
COMMERCIALIZATION,

        Plaintiff,                      Case No. 11-11039
                                                  HON. GEORGE CARAM STEEH

vs.

NISSAN OF NORTH AMERICA, <u>et al.</u>,

        Defendants.
_____/

<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S ALLEGATIONS OF INDIRECT INFRINGEMENT AND
VICARIOUS LIABILITY UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
AND TO STRIKE PLAINTIFF'S ALLEGATION OF WILLFUL INFRINGEMENT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(F) [#29] AND GRANTING DEFENDANTS
FUJI HEAVY INDUSTRIES LTD.'S AND SUBARU OF AMERICA'S MOTION TO
COMPEL PLAINTIFF TO PROVIDE MORE DEFINITE INFRINGEMENT
CONTENTIONS [#31]</u>

      The parties appeared on this date for oral argument on (1) defendants' motion to dismiss plaintiff's allegations of indirect infringement and vicarious liability under Federal Rule of Civil Procedure 12(b)(6) and to strike plaintiff's allegation of willful infringement under Federal Rule of Civil Procedure 12(f), and (2) defendants Fuji Heavy Industries Ltd.'s and Subaru of America's motion to compel plaintiff to provide more definite infringement contentions. For the reasons stated on the record,

      Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

      Plaintiff's vicarious liability claim is dismissed without prejudice.

Plaintiff shall amend the complaint to provide the factual specificity required by <u>Bell Atlantic Corp</u>. v. <u>Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft</u> v. <u>Iqbal</u>, 129 S. Ct. 1937 (2009) in regard to its claims of contributory infringement, inducement of infringement and willful infringement.

Plaintiff's amended complaint shall be filed <u>on or before September 13, 2011.</u>

Defendants Fuji Heavy Industries Ltd.'s and Subaru of America's motion to compel plaintiff to provide more definite infringement contentions is GRANTED.

Plaintiff shall supplement its infringement contentions to provide the facts that led plaintiff to believe the accused products are infringing, including the results of reverse engineering tests. The infringement contentions shall not be used for impeachment purposes.

Plaintiff shall supplement its infringement contentions <u>on or before September 13, 2011</u>.

SO ORDERED.

Dated: August 23, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 23, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---