UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL INSTITUTE FOR STRATEGIC
TECHNOLOGY ACQUISITION AND
COMMERCIALIZATION,

        Plaintiff,                    Case No. 11-11039
                                                HON. GEORGE CARAM STEEH

vs.

NISSAN OF NORTH AMERICA, et al.,

        Defendants.
_____/

ORDER DENYING FEDERAL-MOGUL CORPORATION'S MOTION TO INTERVENE

    I.        Introduction

This is a patent infringement action concerning patents covering a low friction reciprocating piston assembly. Presently before the court is Federal-Mogul Corporation's ("Federal-Mogul") motion to intervene, filed on July 12, 2012. Federal-Mogul seeks an order to allow it to intervene as a party defendant. Federal-Mogul is a Tier-1 automotive supplier of parts to defendant Nissan, which is accused of direct and indirect infringement of the patents at issue herein. Federal-Mogul maintains that it is apparent from the public record in this matter that its interests are not being adequately protected necessitating Federal-Mogul's intervention in this action.

Plaintiff, the National Institute for Strategic Technology Acquisition and Commercialization ("NISTAC"), has filed its response in opposition to Federal-Mogul's motion to intervene. NISTAC opposes Federal Mogul's motion to intervene because it is untimely, as well as because Federal-Mogul has not shown its interests are inadequately

protected by the named defendants. Defendants Toyota and Honda have filed responses to the pending motion indicating their objection to intervention if it will result in the reopening of the case to relitigate issues already extensively briefed and argued by the parties. Defendant Nissan has no objection to Federal-Mogul's motion to intervene.

The court concludes that the facts and legal arguments are adequately presented in Federal-Mogul's motion and brief, as well as in NISTAC's response in opposition such that the decisional process will not be significantly aided by oral argument. Thus, pursuant to this court's local rules, it is hereby ordered that the motion be resolved on the briefs submitted. See E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the court denies Federal-Mogul's motion to intervene.

II.     Law & Analysis

Federal-Mogul maintains that it has a right to intervene under Rule 24(a)(2). NISTAC counters that Federal-Mogul cannot establish the requisite elements required for intervention as of right. Rule 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Thus, Federal-Mogul must satisfy the following four elements "before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) the impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." Michigan State v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997).

Timeliness is a threshold issue for both intervention as of right and permissive intervention. See Blount-Hill v. Zelman, 636 F.3d 278, 279 (6th Cir. 2011); see also, United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 832 (8th Cir. 2010). This circuit considers five factors when determining the timeliness of an application for intervention of right: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have know of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. Blount-Hill, 636 F.3d at 284.

NISTAC argues that Federal-Mogul's motion to intervene is untimely and should be denied on this basis alone. NISTAC contends that this case is seventy-five percent (75 %) complete. The parties have exchanged extensive written discovery and produced responsive documents, and exchanged infringement contentions and invalidity contentions. Numerous depositions have been conducted, and the parties have fully briefed, and the court has held a Markman hearing. Once this court issues its order on claim construction, only sixty days of fact discovery will remain. Federal-Mogul has had knowledge of this case and has sat idly by despite its knowledge that the case involves a product utilizing Federal-Mogul parts.

Federal-Mogul maintains that its request to intervene is not untimely because the case is temporarily at a standstill while the parties await this court's order on claim construction. Therefore, this is a convenient time for Federal-Mogul to become involved.

Federal-Mogul insists it has no intention of relitigating any issues already briefed by the parties. Further, after the court issues its decision on claim construction, Federal-Mogul will still have sixty days to meet with the defendants and become familiar with defendants' positions.

The court finds that Federal-Mogul's motion to intervene is untimely. While arguing that it has no intention of reopening claim construction, Federal-Mogul relies on the parties' proposed constructions of "solid film lubricant coating" to demonstrate that its interests are not being adequately protected as none of the defendants have alerted this court to the rule of law involving the construction of the claim phrase "consisting of . . . ." This is important according to Federal-Mogul because the claims in the patents at issue herein call for a solid film lubricant coating "consisting of graphite, molybdenum disulfide, boron nitride and epoxy resin." Thus, Federal-Mogul maintains that the rule of law requires construction of "solid film lubricant coating" as consisting of only the listed ingredients. If the court were to adopt NISTAC's proposed construction of this claim phrase, this will be contrary to Federal-Mogul's interest.

Federal-Mogul has been aware of this action for some time. It reviewed the parties submissions on claim construction, yet did not move to intervene when it realized that its interests were not being adequately protected by the defendants' proposed claim constructions. Federal-Mogul disclaims any intention to reopen claim construction, or to seek extension of the dates set forth in the court's scheduling order, however this assertion is suspect based on Federal-Mogul's arguments concerning claim construction and its dissatisfaction with the original defendants' proposed constructions.

Even if the court were to conclude that Federal-Mogul's motion to intervene is timely, the court would not permit intervention as of right because Federal-Mogul fails to demonstrate that the current parties cannot protect its interests. Federal-Mogul claims that it has attempted to secure information from defendant Nissan relative to the issues herein, and these attempts have been unsuccessful. Additionally, Nissan has made a request for attorney fees, presumably pursuant to a contract between Nissan and Federal-Mogul. Federal-Mogul asserts that the attorney fees incurred to date far exceed the potential damages award NISTAC will recover if it succeeds on its claims.

A review of Federal-Mogul's proposed responsive pleading raises the same positions and defenses as those raised by the original defendants in this action; i.e., that no infringement occurred. The fact that Federal-Mogul has not presented any new facts or allegations in its proposed answer different from those asserted by the defendants shows that the current parties can adequately protect its interests. "[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." Bush v. Viterna, 740 F.2d 350, 355 (5th Cir. 1984).

This court's conclusion that Federal-Mogul's motion to intervene is untimely precludes intervention under Rule 24(b)(1)(B), which allows the court to permit a party to intervene, on *timely* motion, "who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). Therefore, the court denies Federal-Mogul's motion to intervene as of right under Rule 24(a)(2) or by permission under Rule 24(b)(1)(B).

III.   Conclusion

Accordingly,

Federal-Mogul Corporation's motion to intervene [#90] is DENIED.

SO ORDERED.

Dated:  August 22, 2012

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 22, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---